UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRAD ALLEN SLONE,, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL NO. 1:17cv162 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. §416(I). Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act

through June 30, 2010 Exhibit 5D/1).

2. The claimant has not engaged in substantial gainful activity since June 1, 2010, the alleged onset date (20 CFR 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: a remote history of cervical fusion, chronic obstructive pulmonary disease (COPD), and coronary artery disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally climb ladders, ropes, scaffolds, ramps and stairs, he can occasionally balance, stoop, kneel, crouch and crawl, and he should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and vibration.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 24, 1963 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date, The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act,

>       from June 1, 2010, through the date of this decision (20 CFR 404.1520(g) and
>       416.920(g)).

(Tr. 33- 40).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on October 31, 2017. On December 4, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be affirmed.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

In support of remand, Plaintiff argues that the ALJ erred in not considering Dr. McGee's opinion. Specifically, Plaintiff claims that Dr. McGee placed "permanent restrictions" on Plaintiff, which the ALJ failed to consider. In support, Plaintiff cites to treatment notes from three office visits in 2002 (Tr. 329, 335-336). However, as the Commissioner points out, these treatment notes do not constitute a medical opinion relevant to Plaintiff's case.

Plaintiff cites to treatment notes from his visit with Dr. McGee on July 31, 2002 (Tr. 329). At this time, Plaintiff worked as a machinist at Wayne Manufacturing (Tr. 329). Three weeks prior, Plaintiff was moving steel at work when he felt a "sharp pop in his right shoulder," and since that time was experiencing neck, shoulder, and arm pain (Tr. 329). Dr. McGee indicated that Plaintiff would return to work "immediately with some restrictions" (Tr. 330). Plaintiff was limited to one-handed work only and no working above his head (Tr. 330). Plaintiff was diagnosed with a herniated disc at C5-6 (Tr. 320). Thereafter, on September 5, 2002, Dr. McGee performed an anterior cervical discectomy and fusion (ACDF) at C5-6 (Tr. 320).

Plaintiff cites to treatment notes from his visit with Dr. McGee on September 16, 2002, eleven days after Plaintiff's ACDF surgery (Tr. 335). Dr. McGee noted that Plaintiff's arm pain had resolved but that Plaintiff still experienced significant trapezial spasm, which was expected (Tr. 335). Dr. McGee noted that Plaintiff could begin physical therapy (Tr. 335). Dr. McGee wrote, "He can return to light duty work with a [ten] pound restriction for two weeks with no working overhead and no pushing, pulling, or working with vibratory tools for two weeks. After two weeks, he can increase to a [twenty-five] pound restriction still with no working above his shoulder, occasional climbing, and frequent standing[,] walking, twisting, bending, and squatting" (Tr. 335).

Plaintiff also relies upon the treatment notes from his visit with Dr. McGee on October 14, 2002 (Tr. 336). X-rays revealed "excellent alignment" and the fusion was "incorporating nicely" (Tr. 336). Dr. McGee wrote, "[Plaintiff] should increase his neck range of motion and home exercise program" (Tr. 336). Dr. McGee assessed Plaintiff's permanent partial impairment rating as "10% to his whole person" (Tr. 336).

This court agrees with the Commissioner that the treatment notes from these three office visits do not constitute a medical opinion relevant to this case. First, these office visits occurred approximately eight years before the onset of Plaintiff's alleged disability (Tr. 217). Though the ALJ considered evidence from outside the relevant period (including evidence related to Plaintiff's ACDF surgery), the period under consideration in this appeal began on Plaintiff's alleged onset date, June 1, 2010, and ended on September 1, 2015, the date of the ALJ's decision (Tr. 31, 37). Plaintiff has not shown how the treatment notes from 2002 would be relevant to the period under consideration in his appeal. In fact, Plaintiff declined the opportunity to file a reply brief and explain his position, supporting the conclusion that his position is meritless.

Additionally, these office visits with Dr. McGee occurred immediately before and immediately after Plaintiff's 2002 ACDF surgery; and therefore, the restrictions placed by Dr. McGee concerned a limited time frame (Tr. 329, 335-336). Prior to surgery, Plaintiff could "return to work immediately;" he was instructed to "do one-handed work only" and to not perform any work above his head (Tr. 330). At his post-operative appointment eleven days after the ACDF surgery, Plaintiff had a different set of restrictions – prescribed to last two weeks – and then a third set of restrictions after the two-week period (Tr. 335).

Importantly, after two weeks, Plaintiff was permitted to increase his restriction to

6

twenty-five pounds (Tr. 335), which was greater than the weight limit assessed by the ALJ (Tr. 34). The RFC assessed by the ALJ limited Plaintiff to light work with additional restrictions (Tr. 34). "Light work involves lifting no more than [twenty] pounds at a time with frequent lifting or carrying of objects weighing up to [ten] pounds." 20 C.F.R. §§ 404.1567(b), 416.967(b). Therefore, the ALJ set a more restrictive weight limitation than Plaintiff's surgeon (Tr. 34, 335).

The following month, at his visit on October 14, 2002, Dr. McGee noted that Plaintiff should "increase his neck range of motion and home exercise program" (Tr. 336). The ALJ discussed Plaintiff's 2002 ACDF surgery and Plaintiff's subsequent, longitudinal improvement, including medical evidence from 2013 documenting that Plaintiff was "exercising on a fairly frequent basis" (Tr. 37, 401).

As Plaintiff has not shown how Dr. McGee's 2002 treatment notes concerning pre/post-operative restrictions of limited duration affect his claim for an alleged disability beginning approximately eight years later, the court finds Plaintiff's argument meritless.

Next, Plaintiff argues, without citation to the record, that the ALJ ignored observations by Dr. Kamineni that supported Plaintiff's back and hip impairments and Plaintiff's limitations with sitting and walking. However, Plaintiff fails to indicate how a greater consideration of Dr. Kamineni's opinion would have affected Plaintiff's RFC.

On December 19, 2013, Dr. Kamineni performed a consultative examination (Tr. 427-434). Plaintiff's chief complaint was COPD (Tr. 428). Plaintiff was able to perform activities of daily living such as dressing, buttoning, unbuttoning, picking up a coin, and preparing meals (Tr. 36, 428). For Plaintiff's alleged COPD, Dr. Kamineni ordered a pulmonary function test, but it was noted that Plaintiff "did not perform the test to his best ability" (Tr. 37, 430, 432). The

entirety of Dr. Kamineni's concluding Medical Source Statement reads as follows:

> The patient states he cannot sit for [thirty] minutes. He states he cannot stand for [thirty] minutes. He states he cannot carry [twenty] pounds. He states he is able to walk [six] minutes but it would depend on how severe his pain is that day. He states he cannot lift [ten] pounds over his head. He can step up an [eight]-inch step. He has normal fine motor skills with normal handling of fine objects. Normal concentration and social interaction. Remote and recent memory intact. Normal hearing, speech, and vision.

(Tr. 430). As the Commissioner points out, this Statement contains a combination of normal findings and Plaintiff's own reports of his abilities (Tr. 430). The ALJ noted that "this 'opinion' appear[ed] to be a recitation of the claimant's own subjective statement[s] regarding his limitations and abilities" (Tr. 38). Contrary to Plaintiff's argument, this Statement does not contain restrictions assessed by Dr. Kamineni. The law is clear that an individual's subjective statements are insufficient to establish disability. 20 C.F.R. §§ 404.1529(a), 416.929(a) (statements about your pain or other symptoms will not alone establish that you are disabled). To be found disabled, a claimant's impairment "must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1527(a), 416.927(a).

Additionally, as noted above, Plaintiff does not explain how greater consideration of Dr. Kamineni's consultative examination would have affected the RFC assessed by the ALJ. Dr. Kamineni's examination notes stated that Plaintiff could not perform lumbar forward flexion or extension (Tr. 431). Plaintiff mentions this finding without providing a citation to the record and without explaining how this would have changed the RFC, which limited Plaintiff to performing work at the light exertional level with additional restrictions (Tr. 34)

As none of Plaintiff's arguments have any merit, the decision of the ALJ must be affirmed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby AFFIRMED.

Entered: February 22, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court